**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL COHEN, ) | 3:06-CV-630-BES (RAM) |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| JERRY BAINBRIDGE, et al., ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss (Doc. #14) and Defendants' Motion for a Court Decision (Doc. #18). Plaintiff did not file a written opposition to the motion. For the reasons discussed below, it is recommended that the District Court grant the motion.

**I. BACKGROUND**

This is an action alleging constitutional claims under 42 U.S.C. § 1983. Plaintiff commenced this action on November 16, 2006 by filing a motion for leave to proceed in forma pauperis. (Doc. #1). Plaintiff subsequently filed his complaint on November 1, 2007 (Doc. #14.) In response, Defendants filed their motion to dismiss on April 11, 2008. (Doc. #14.) The court set the deadline to oppose the motion to dismiss for April 29, 2008. (Doc. #15.) The court then reset this deadline to May 26, 2008, warning that the failure to oppose the motion could constitute consent to granting the motion. (Doc. #16.) The court extended the deadline a third time to July 7, 2008. (Doc. #17.) At this point in the proceedings, nearly four months later, the record reveals no response by Plaintiff to any of these notices.

## II. DISCUSSION

The Local Rules of this court provide that a party's failure to file a memorandum in opposition to a motion constitutes consent to granting the motion. *See* D.Nev. Local R. 9014(d)(3). The failure to follow a district court's rules is proper grounds for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before such a dismissal, however, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

Applying this balancing test, the court finds that factors one, two, and three favor granting the motion to dismiss because Plaintiff seems to have abandoned his claim after being granted various opportunities to respond. The fifth factor also favors granting the motion to dismiss, given the court has undertaken the less drastic measure of warning Plaintiff that his failure to respond could be construed as a consent to dismissal. *See* Doc. #16. The fourth factor, on the other hand, favors denying the motion until its merits can be determined.

The court finds that the motion to dismiss should be granted because the balance of factors favors dismissal. Even though the courts liberally construe pleadings by pro se plaintiffs, the rules of procedure still apply. *Ghazali*, 46 F.3d at 53 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). When a litigant does not follow them, the case is properly dismissed. *Id.*

## III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion to Dismiss (Doc. #14).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:   December 5, 2008.

_____
UNITED STATES MAGISTRATE JUDGE